IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GEORGE BAY BARNES, #1689778 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv240 |
| PAM PACE, ET AL. | § | |

<u>MEMORANDUM OPINION ADOPTING REPORT AND
RECOMMENDATIONOF THE UNITED STATES MAGISTATE JUDGE</u>

Plaintiff George Bay Barnes, an inmate confined at the Coffield Unit within the Texas Department of Justice proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. The complaint was referred to the Magistrate Judge, the Honorable John D. Love.

**I. Background**

Barnes filed this complaint, in which he titles "Medical Malpractice Lawsuit," on April 18, 2017, (Dkt. #1). He maintained that prison officials have not provided adequate medical care. Specifically, Barnes noted that medical officials at the Coffield Unit have performed "inadequate screening to determine cause of endocrine/thyroid disorder." He stated that his blood pressure medication is not controlling the blood pressure, to which he "suggested that [it's] something to do with my thyroid that is causing high blood pressure and [hyperactive metabolism]." However, he argued that the medical officials were supposed to have gone to college and that they are "intentionally depriving me of medical care (deliberate indifference)." Barnes explained that he fears for his life, and is suing prison officials in the "hope to get the Director(s) and the chairman(s) of TDCJ to put an end to their official abuses toward prisoners of TX prisons." He also claimed

that prison officials have retaliated against him for filing this action by hindering his use of legal materials, personal supplies, and mail. Ultimately, Barnes requested the Court to order that he be "screened" by a specialist.

Defendants filed three dispositive motions. In the first, (Dkt. #41), Respondent argued that Barnes' IFP status should be revoked because—before he filed this complaint on April 18, 2017—Barnes had filed at least three civil lawsuits in federal court that had been previously dismissed as frivolous, for failure to state a claim, or under section 1915(g). The Magistrate Judge issued a Report, (Dkt. #60), recommending that the motion be denied because a review of Barnes' federal court filings showed that he did not receive "three strikes" prior to filing his civil rights lawsuit on April 18, 2017. No objections to that Report have been filed.

Defendants filed two motions to dismiss. In the first, (Dkt. #43), Defendant Collier maintained that Barnes failed to state a claim upon which relief may be granted, as his claims were conclusory and general. In the second motion to dismiss, (Dkt. #46), Defendant Pace asserted that Barnes failed to state a claim upon which relief may be granted and failed to demonstrate her personal involvement.

On August 7, 2018, the Magistrate issued a Report, (Dkt. #61), recommending that both motions to dismiss be granted. Specifically, the Magistrate Judge found that Barnes had failed to state a claim, failed to show any personal involvement on behalf of the Defendants, and failed to demonstrate *respondent superior*. Barnes filed timely objections to the Report, (Dkt. #65).

**II. Barnes' Objections**

In his objections, Barnes asserts that the Office of Attorney General (OAG) has "paid off for the obstruction of justice to bring harm[] to Barnes' true submission." He also repeatedly

insists that the OAG and the courts deprive him of justice because he is a "black male and incarcerated for [a] sex crime."

**III. Discussion and Analysis**

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. *See* Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.). In other words, a party objecting to a Magistrate Judge's Report must specifically identify those findings to which he or she objects.

Moreover, an issue raised for the first time in an objection to a Magistrate Judge's Report is not properly before the District Court. *See Place v. Thompson*, 61 F. App'x 120, 2003 WL 342287 *1 (5th Cir. 2003) (unpublished); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Frivolous, conclusory, or general objections need not be considered by the District Court. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*), overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

Here, Barnes' objections must be overruled. A review of Barnes' objections shows that he never once responded to any of the Magistrate Judge's findings. Instead, Barnes raises an issue concerning "obstruction," which was never raised in his complaint. Accordingly, his objections do not specifically identify portions of the Report to which Barnes objects, are conclusory, and are general in nature.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a

*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Barnes' objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections, (Dkt. #65), are overruled and the Reports of the Magistrate Judge, (Dkt. #'s 60, 61), are **ADOPTED** as the opinions of the Court. Moreover, it is

**ORDERED** that the Office of Attorney General's motion to revoke Barnes' IFP status, (Dkt. #41), is **DENIED**. Furthermore, it is

**ORDERED** that Defendants' motions to dismiss, (Dkt. #'s 43, 46), are **GRANTED**. Plaintiff's civil rights lawsuit is **DISMISSED** with prejudice. Finally, it is

**ORDERED** that any and all motions that may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED September 5, 2018.**

_____
Ron Clark, Senior District Judge